UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **WILLIAM B. COOK, et al.,** | ) | **CASE NO. 1:06 CV 1206** |
| | ) | |
| Plaintiffs, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **ALL STATE HOME MORTGAGE, INC.,** | ) | |
| **et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is Defendants' Motion to Dismiss and to Compel Arbitration ("Motion") **(ECF No. 22)**. For the following reasons, the Motion is **GRANTED** and the case is dismissed without prejudice.

**I.**

In May 2006, Plaintiff William B. Cook, joined by four similarly-situated "opt-in" plaintiffs,[1] filed a complaint under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), against their former employer All State Home Mortgage, Inc. ("All State"), its president Michael McCandless, and one of its managers Jamie Fiore (collectively, "Defendants"). *ECF No. 1* ("Compl."); *see also ECF Nos*. *3-6*. Defendants filed a motion to

---

[1] The current opt-in plaintiffs are: James Wallace, Andy Toth, Pete Toth and William Kay. *See* 29 U.S.C. § 216(b). Jennifer Watts, who initially joined this litigation, has since been dismissed from the case. *See ECF No. 20*.

dismiss the case without prejudice, and to compel arbitration on the basis that each plaintiff signed an employment agreement under which he agreed to submit all employment disputes, including those arising from a violation of the FLSA, to arbitration. Defendants also request an award of fees and costs associated with transferring this case to arbitration. Plaintiffs collectively oppose the motion on two grounds. *ECF No. 23* ("Response"). First, they argue that Defendants' alleged acts of physical and verbal intimidation render the arbitration provision unenforceable under the doctrine of unclean hands. *Response* at 1. Second, they argue that Defendants cannot enforce the arbitration provision of the employment contracts because that clause lacks mutuality of obligation.[2] *Id*. at 2.

**II.**

Section 14.1 of the Employment Agreements provides as follows:

> With the exception of claims . . . for injunctive relief, Employee agrees that any dispute, controversy, claim, or difference between Employer and Employee which . . . relates to or arises out of [the] employment . . . or out of this Agreement, or its breach, shall be subject to arbitration . . . ."

*ECF No. 22* at 35.

Section 4 of the Federal Arbitration Act ("FAA") sets forth the procedure to be followed by a district court when presented with a motion to compel arbitration. *See Great Earth Companies, Inc. v. Simons,* 288 F.3d 878, 888 (6th Cir. 2002). That section provides, in pertinent part, as follows:

---

[2] Both Plaintiffs and Defendants attached affidavits and exhibits to their briefs. The Court takes judicial notice of the employment contracts because plaintiffs do not dispute their existence. *See Response* at 2 n.1. Because the Court does not rely on the additional evidentiary materials submitted by the parties, it is not required to convert the motion to dismiss into one for summary judgment.

> [a] party aggrieved by the . . . refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement. . . . The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. . . . If the making of the arbitration agreement . . . be in issue, the court shall proceed summarily to the trial thereof.

*Id*. at 888-89 (citing 9 U.S.C. § 4).  The Court must first determine whether the parties agreed to arbitrate the dispute in issue.  *Id*. at 889.  If the Court is satisfied that the agreement to arbitrate is not "in issue," it must compel arbitration.  *Id*.

Section 2 of the FAA governs the validity of arbitration agreements.  *Great Earth Companies, Inc.,* 288 F.3d at 889.  That section provides that a written agreement to arbitrate disputes arising out of a contract involving interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  *Id*. (citing 9 U.S.C. § 2).  Under the FAA, state law contract defenses such as fraud, duress, or unconscionability may be applied to invalidate arbitration agreements.  *Fazio v. Lehman Brothers, Inc.,* 340 F.3d 386, 396 (6th Cir. 2003).  However, in light of the strong federal policy in favor of arbitration, any ambiguities in the contract or doubts as to the parties' intentions should be resolved in favor of arbitration.  *Great Earth Companies, Inc.*, 288 F.3d at 889.

"The [U.S.] Supreme Court has explained that in deciding whether a valid agreement to arbitrate exists, district courts may consider only claims concerning the validity of the arbitration clause itself, as opposed to challenges to the validity of the contract as a whole.  *Id*.  Once the district court determines that a valid agreement to arbitrate exists, "then the

-3-

arbitrator will decide challenges to the *contract* containing the arbitration clause."[3]  *Burden v. Check Into Cash of Kentucky, LLC,* 267 F.3d 483, 488 (6th Cir. 2001) (emphasis added) (citation omitted); *see also Great Earth Companies, Inc.,* 288 F.3d at 890.

### III.

Plaintiffs argue there is no mutuality of obligation in the arbitration clause because that clause is unilaterally binding on the employee.  *Response* at 16.  Mutuality of obligation is not a requirement of a valid arbitration clause so long as the contract as a whole is supported by consideration.  *Glazer v. Lehman Brothers, Inc.,* 394 F.3d 444, 453-54 (6th Cir. 2005); *Fazio,* 340 F.3d at 397; *Joseph v. M.B.N.A. America Bank, N.A.,* 775 N.E.2d 550, 553 (Ohio Ct. App. 2002).  The Court finds that the employment agreements at issue are supported by ample consideration.  In fact, the arbitration clause itself is mutually binding.  The disclaimer that appears at the beginning of the arbitration clause – "[w]ith the exception of claims by *Employer or Employee* for injunctive relief" – reflects that both parties are bound to submit their disputes to arbitration.

---

[3]After filing their response brief, Plaintiffs filed a motion for leave to file an omitted exhibit.  *ECF No. 25.*  This request was granted.  The exhibit is a letter from defense counsel informing Plaintiffs' counsel that some of the plaintiffs might be in breach of the non-compete provisions of their employment contracts.  *ECF No. 25, Ex. 6.*  (In fact, the response brief concedes that Plaintiffs *appear* to be in violation of the non-compete clause.  *Response* at 14-16.)  Plaintiffs argue that a violation of the non-compete clause would result in an automatic termination of the employment agreement.  *ECF No. 25* at 1-2 (citing Section 11 of Employment Agreement).  Because the contracts are now terminated, argue Plaintiffs, the motion to dismiss should be denied.  *Id*. at 2.  This claim challenges the validity of the contract as a whole and is not a proper issue for this Court's consideration.  Accordingly, Plaintiffs' Exhibit 6 does not affect the Court's decision in this case.

Plaintiffs also argue that the arbitration provision is void pursuant to the doctrine of unclean hands.  Plaintiffs' unclean hands argument goes to the validity of the contract as a whole, and is therefore properly subject to arbitration.  In addition, Plaintiffs claim they were rushed into signing the agreements and were refused a fair opportunity to read the agreements. *Response* at 12.  Plaintiffs argue that they were never given a copy of the agreement and that arbitration was never mentioned or explained.  *Id*.  One of the Plaintiffs does not even recall signing an agreement.  *Id*.  This argument is not well-taken.  Plaintiffs were loan officers earning over $100,000 per year.  Moreover, the employment agreements contained an acknowledgement that Plaintiffs understood the contents of the agreement.  The acknowledgement states:

> I have read and understand each and every section of this agreement and I have been given an opportunity to make any inquiries of Employer that I deem necessary prior to signing this agreement and Employer has responded to all such inquiries to my satisfaction.  I have also been given an opportunity to consult with legal counsel of my own selection.

*See e.g., ECF No. 22* at 28.  The contracts also contained the following provision concerning arbitration:

> I understand that I agree to arbitrate all claims, disputes or controversies based upon any federal, state or local statutory or common law, as well as all claims for breach of this Agreement.  The only claims that are excluded from the scope of the arbitration provision are any claims that lie within the exclusive jurisdiction of a state administrative agency, such as claims for workers compensation or unemployment benefits.

*Id*.  Ignorance of the terms of a signed contract is no defense.  The Sixth Circuit has held that absent a showing of fraud, duress, mistake or some other ground upon which a contract may be voided (none of which are alleged here), a court must enforce a contractual agreement to arbitrate.  *Haskins v. Prudential Ins. Co. of America,* 230 F.3d 231, 239 (6th Cir. 2000) (rejecting claim that employer did not discuss arbitration clause with employee), *overruled on other*

-5-

*grounds by Morrison v. Circuit City Stores, Inc.,* 317 F.3d 646 (6th Cir. 2003) (en banc). The arbitration provision in the contract was so "plain and broad" that Plaintiffs should have been on notice that their employment disputes could be subject to arbitration. *Id*. at 241. "[O]ne who accepts a written contract is conclusively presumed to know its contents and to assent to them, in the absence of fraud, misrepresentation, or other wrongful act by another contracting party." *Id*. at 239 (citing 17A Am.Jur.2d Contracts § 224 (1991)).

The Court is satisfied that there is a valid agreement to arbitrate the dispute in question. Pursuant to Section 14.6 of the parties' employment agreements,[4] Plaintiffs are directed to pay Defendant All State's fees, costs and expenses associated with transferring this case to arbitration, including any filing fees charged by the arbitration tribunal.

**IV.**

For the reasons stated herein, Defendants' Motion to Dismiss and to Compel Arbitration **(ECF No. 22)** is hereby **GRANTED** and the case is dismissed without prejudice. Plaintiffs' request for an evidentiary hearing is denied.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster     August 7, 2006*
**Dan Aaron Polster**
**United States District Judge**

---

[4]"If Employee brings a claim in court that should have been brought in arbitration pursuant to this Agreement, Employee agrees to pay Employer's attorney fees, costs and expenses associated with transferring the matter to arbitration, including any filing fees charged by the arbitration tribunal." *ECF No. 22* at 25.