UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **WILLIAM B. COOK, et al.,** ) | **CASE NO. 1:06 CV 1206** |
| ) | |
| **Plaintiffs,** ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| vs. ) | **ORDER RE: DEFENDANTS' POST-** |
| ) | **JUDGMENT MOTION (ECF No. 37)** |
| **ALL STATE HOME MORTGAGE, INC.,** ) | |
| **et al.,** ) | |
| ) | |
| **Defendants.** | |

Before the Court is Defendants' post-judgement Motion for the Assessment of Ordered Attorney's Fees, Costs and Expenses Relating to the Motion to Dismiss and to Compel Arbitration ("Motion") **(ECF No. 37).** For the following reasons, the Motion is **DENIED.**

In May 2006, Plaintiff William B. Cook, joined by five similarly-situated "opt-in" plaintiffs,[1] filed a complaint under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), against their former employer All State Home Mortgage, Inc. ("All State"), its president Michael McCandless, and one of its managers Jamie Fiore (collectively,

---

[1] The current opt-in plaintiffs are: James Wallace, Andy Toth, Pete Toth and William Kay. *See* 29 U.S.C. § 216(b). *See also ECF Nos. 3-6*. Jennifer Watts, who initially joined this litigation, has since been dismissed from the case. *See ECF No. 20*.

"Defendants").  *ECF No. 1* ("Compl."); *see also ECF Nos. 3-6*.  Defendants filed a Motion to Dismiss Litigation and Compel Arbitration.  *ECF No. 22*.  Defendants argued that the dispute should be submitted to arbitration because each plaintiff signed a written employment agreement under which he agreed to submit all employment disputes, including those arising from a violation of the FLSA, to arbitration.  *Id.* at 2-4 (citing various provisions of Section 14 of the employment agreement.)  Defendants further argued that, under Section 14.6 of the employment agreement, the Court must award fees, costs and expenses associated with filing in court a claim that should be submitted to arbitration, along with costs of transferring the case to arbitration and any associated filing fees.  *Id.* at 4.  On August 7, 2006, the Court granted Defendants' Motion to Dismiss without prejudice, concluding that the arbitration provision was valid and directing Plaintiffs to pay (unspecified) costs associated with compelling arbitration.  *ECF No. 31*.  On September 4, 2006, Plaintiff Cook, on behalf of himself and others similarly situated, appealed the Court's ruling to the Sixth Circuit Court of Appeals.  *ECF No. 35*.

On September 22, 2006, Defendants filed the instant post-judgment motion.  *ECF No. 37*.  Defendants assert that Plaintiffs have ignored their request for attorney fees and costs to date ($11,480.00).  *Id.*, *Ex. A ¶¶ 9, 10*.  Moreover, rather than submitting the dispute to arbitration, Plaintiffs have chosen to pursue their remedies in court via an appeal, and they have filed an administrative claim in the Department of Labor.  *Id.* at 2.  Defendants ask the court to require Plaintiffs to show cause why they have ignored the Court's order requiring Plaintiffs to pay costs and expenses associated with the case; require Plaintiffs to post a supersedeas bond in the amount of $20,000; and assess continuing fees and costs associated with litigating the appeal and until the matter is transferred to arbitration.  *Id.* at 3.

It is well-settled that "jurisdiction over the case passes from the district court to the court of appeals immediately and automatically upon a timely filing of a notice of appeal." *Wright & Miller Fed. Prac. & Proc. § 3949.1 (1999).* Furthermore, the Sixth Circuit has explained that "an effective notice of appeal divests the district court of jurisdiction over <u>matters forming the basis for appeal</u>." *U.S. v. Lubowa*, 102 Fed. Appx. 453, 455 (citing *American Town Center v. Hall*, 912 F.2d 104, 110 (6th Cir. 1990) (emphasis added)). It should be noted the Sixth Circuit has reasoned that an exception to the general rule of transferred jurisdiction upon filing of a notice of appeal may exist. Specifically, the Sixth Circuit has stated a district court retains jurisdiction to enforce its judgment as long as the judgment has not been stayed or superseded. *See*, *e.g.*, *Am. Town Ctr.*, 912 F.2d, at 110; *National Labor Relations Board v. Cincinnati Bronze*, 829 F.2d 585, 588 (6th Cir. 1987); *Lubowa*, 102 Fed. Appx., at 455. Critically, however, the Sixth Circuit also explained that the jurisdiction transfer rule is "designed to avoid the confusion and inefficiency of two courts considering the same issues simultaneously." *Jankovich v. Bowen*, 868 F.2d 867, 871 (6th Cir. 1989).

Moreover, federal courts addressing the issue of lower court jurisdiction over matters on appeal, including the Sixth Circuit, have focused on whether the district court's retention of jurisdiction over the matter would create a conflicting or inefficient result if the court of appeals reversed the district court's decision. For instance, the Sixth Circuit considered whether the district court had jurisdiction to issue an injunction related to a case on appeal. *See Am. Town Ctr*, 912 F.2d, at 110-11. The court concluded the lower court did not have jurisdiction, in part because there was the possibility of incongruous results depending on the outcome of the appeal. *Id.* Similarly, another Sixth Circuit opinion held that a lower court properly denied jurisdiction

on a motion regarding attorney's fees in a social security case. *See Jankovich*, 868 F.2d, at 871. The court grounded its decision in the fact that "in this case the pending appeal . . . caused the entire record to be filed with this court." *Id.*

Relatedly, the Seventh Circuit concluded the district court was without jurisdiction over a dismissed complaint that was on appeal. *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1241 (7th Cir. 1986). In language later quoted by the Sixth Circuit in *American Town Center*, the *Henry* court reasoned;

> At the time that the notice of appeal was filed, however, it was possible that the district court would have been reversed. <u>Had we reversed the dismissal of the amended complaint, the district court would then have been in the unenviable position of having issued an injunction to protect and effectuate a judgment reversed on appeal.</u> It is precisely such conflicting rulings that the rule transferring jurisdiction from the district court to the appellate court upon the filing of a notice of appeal is designed to prevent.

*Henry*, 808 F.2d at 1241 (emphasis added).

In another analogous case, an appeal was pending with the Fourth Circuit over whether a bankruptcy court could excuse delinquent schedule filing when the bankruptcy court simultaneously exercised jurisdiction over the matter. *In Re Bryant*, 175 B.R. 9, *12-13, n.2 (W.D. Va. 1994). The bankruptcy court issued a memorandum opinion and order finding no good cause or excusable neglect existed to excuse the late filing. *Id.* The district court, acting as the appellate court from the bankruptcy court's decision, explained that "a district court retains jurisdiction to decide matters not related to the appeal." *Id.* The court concluded, however, that the matters on appeal to the Fourth Circuit (that the delinquent filing of schedules did not waive the exemptions claimed in the schedules) was closely related to the matters considered simultaneously by the bankruptcy court (whether good cause or excusable neglect existed to

-4-

justify the late filings). *Id.* The district court held that the bankruptcy court had no such jurisdiction over the matters, citing concerns that if the court of appeals reversed the appealed decision, the bankruptcy court's decision would be meaningless and result in conflicting adjudication on the issue on appeal. *Id.* at *12, n2. Notably, the district court explained that "the rule transferring jurisdiction from the district court to the appellate court . . .establishe[s] clear lines of authority, and it avoids meaningless and conflicting adjudications by the district court." *Id.* Like the Sixth Circuit in *American Town Center* (which in turn borrowed directly from the Seventh Circuit in *Henry*), the *In Re Bryant* court cited specific concerns about the possibility of conflicting rulings should a district court exercise jurisdiction over a case while the case is on appeal.

Here, the same concerns exist. The Court has interpreted Section 14 of the employment agreement to require the parties to submit certain disputes to arbitration and to require the party who files an arbitrable claim in court to pay the costs of compelling arbitration to the other party. Plaintiffs have now appealed the Court's interpretation of Section 14 of the employment agreement. Should the Court grant Defendants' current motion for fees and costs, and if the Sixth Circuit were to reverse the Court's interpretation of Section 14 of the employment agreement, such reversal would place the Court "in the unenviable position of having [exercised jurisdiction] to protect and effectuate a judgment reversed on appeal." *Am. Town Ctr.*, 912 F.2d, at 110. The Court has no desire to create a scenario in which the Court orders Plaintiffs to pay costs now, only to have to order Defendants to return the money should the Sixth Circuit reverse the August 7, 2006 ruling. Such a dissonant situation is precisely the concern underpinning the Sixth Circuit's holdings that filing a notice of appeal wholly divests the district court of

jurisdiction over those matters on appeal.

Moreover, under Sixth Circuit precedent, lower courts are divested wholly of jurisdiction over "matters forming the basis for appeal." *Lubowa*, 102 Fed. Appx. at 455. The Court's order that Plaintiffs pay costs associated with the district court filing and the transfer of the case to arbitration is inherently bound up with the decision on the validity of the arbitration clause; the former is not applicable without the latter. Accordingly, the Court finds the costs issue is a "matter on appeal" intertwined with the Court's conclusion about the validity of the arbitration clause. Because the cost issue is a matter on appeal, the Court holds that it does not have jurisdiction over Defendants' instant Motion.

Accordingly, Defendants' Motion for the Assessment of Ordered Attorney's Fees, Costs and Expenses Relating to the Motion to Dismiss and to Compel Arbitration (**ECR No. 37**) is **DENIED.** Should the Court of Appeals affirm the August 7, 2006 Order, the Court will of course need to take up this issue.

**IT IS SO ORDERED.**

> */s/Dan Aaron Polster 9/27/06*
> **Dan Aaron Polster**
> **United States District Judge**