**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **WILLIAM B. COOK,** | ) | **Case No.  1:06 CV 1206** |
| | ) | |
| **Plaintiff,** | ) | **Judge Dan Aaron Polster** |
| | ) | |
| **vs.** | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **ALL STATE HOME MORTGAGE, INC.,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

Before the Court is Defendants' Motion for Clarification of Order on Supplemental Application for Attorneys' Fees, Costs and Expenses (the "Motion") **(ECF No. 89)**.  Defendant All State Home Mortgage, Inc. ("All State") seeks clarification of the Court's March 18, 2008 Order (ECF No. 87).  The Motion is **GRANTED**.

**I.**

On August 7, 2006, the Court issued a Memorandum of Opinion and Order granting All State's Motion to Dismiss and Compel Arbitration.  (ECF No. 31.)  Toward the end of that Order, the Court stated:

> The Court is satisfied that there is a valid agreement to arbitrate the dispute in question. Pursuant to Section 14.6 of the parties' employment agreements, Plaintiffs are directed to pay Defendant All State's fees, costs and expenses associated with transferring this case to arbitration, including any filing fees charged by the arbitration tribunal.

(*Id*. at 6.)  In so stating, the Court quoted that portion of Section 14.6 of the employment

agreement ("the Attorney Fees Provision") which states in its entirety:

> If employee brings a claim in Court that should have been brought in arbitration
> pursuant to this agreement, employee agrees to pay employer's attorneys' fees,
> costs and expenses associated with transferring the matter to arbitration, including
> any filing fees charged by the arbitration tribunal.

(ECF No. 22, at 4.)  Rather than transferring this case to arbitration, however, Plaintiff William

Cook appealed the Court's ruling to the Sixth Circuit Court of Appeals.

On September 22, 2006, All State filed a Motion for Attorney Fees and Expenses

based on the Attorney Fees Provision, seeking approximately $11,480 in fees and expenses for

litigating the motion to dismiss and compel arbitration.  (ECF No. 37.)  The Court denied the

Motion, concluding that it was without jurisdiction to rule on it because the case was then

pending before the Sixth Circuit, but that the Court would take up the Motion if and when the

Court of Appeals affirmed the Court's ruling granting the motion to dismiss and compel

arbitration.  (ECF No. 38.)

While the case was pending in the Court of Appeals, the Court was forced to

conduct an investigation into allegations that All State employees were threatening Plaintiff

Andrew Toth and his family in violation of the Court's June 6, 2006 Order prohibiting the

parties from having any direct contact.  The investigation and accompanying hearings resulted in

criminal contempt sanctions levied against All State.  (See ECF No. 43.)[1]

---

[1]The Court also notes that it has received several letters from the parties since the October 2006
contempt proceedings, in which the parties make various allegations of improper behavior against the
opposing party.  The docket does not reflect this ongoing conflict between the parties, as the letters were not
officially filed.

On February 11, 2008, All State filed a Notice of Sixth Circuit Decision and Request to Present the Court with Supplemental Attorney Fees Request.  (ECF No. 81.)  All State informed the Court that the Sixth Circuit had recently affirmed the Court's ruling granting the motion to dismiss and compel arbitration, and sought a hearing to present evidence for the requested attorney fees and costs.  (*Id.*)  The Court granted the Request and issued a briefing schedule.  (ECF No. 82.)  In Defendants' Supplemental Application for Attorney Fees, Costs and Expenses, All State now sought over $39,000 in fees and costs –  which appears to include the cost of litigating the various appeals, as well as the costs incurred in defending All State during and after the contempt proceedings.

On March 18, 2008, the Court issued a Memorandum of Opinion and Order denying All State's Supplemental Application for Attorney Fees on two bases.  (ECF No. 87.)  First, because Plaintiffs had not transferred the case to arbitration, as set forth in the Attorney Fees Provision, they had no obligation to All State.  (*Id.* at 1.)  Furthermore, the Court denied All State's request for attorney fees associated with litigating three appeals arising from this case (Sixth Circuit Appeals Nos. 07-3074, 07-3111, and 06-4191), explaining that it was for the Sixth Circuit, not this Court, to determine whether the appeals were frivolous and whether an award of attorneys' fees was appropriate.  (*Id.* at 1-2.)

On March 29, 2008, All State filed the pending Motion for Clarification, asking the Court for a clarification of the March 18 Order.  (ECF No. 89.)  With respect to the Attorney Fees Provision, All State argued that:

> [t]he <u>obvious intent of the clause</u> in the employment agreement, which is unmistakable and which has been appropriately incorporated into the [Court's] August 7, 2006 Order, is that in the event that former employees chose Court inappropriately rather than arbitration that the costs, expenses and fees associated

-3-

with transferring the matter back to arbitration from start to finish would be taxed to Plaintiffs.

(*Id.* at 3 (emphasis added).)  The Court disagrees.  The Attorney Fees Provision does not allow All State to recover attorneys' fees, costs and expenses for successfully litigating a motion to dismiss and compel arbitration; rather, it only allows All State to recover attorneys' fees, costs and expenses associated with transferring the matter to arbitration.  Since Plaintiffs have not transferred the matter to arbitration, they have no obligation to All State.

To the extent that the provision is ambiguous, contract principles dictate that the provision be interpreted against the drafter, i.e., All State.  *See Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 455 (6th Cir. 2003).  Finally, to the extent that this interpretation of the provision can be read to modify the August 7, 2006 Order, the disturbing course of events that has transpired since that date more than justifies any such modification.

**II.**

Accordingly, All State's Motion for Clarification of Order on Supplemental Application for Attorneys' Fees, Costs and Expenses **(ECF No. 89)** is **GRANTED**.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster    April 2, 2008*
**Dan Aaron Polster**
**United States District Judge**

-4-